# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

ROY MOSLEY and
MARILYN MOSLEY,

               Plaintiffs,

v.                                                 CIVIL ACTION NO.  5:10-cv-01203

WACHOVIA MORTGAGE
CORPORATION, et al.,

               Defendants.

## MEMORANDUM OPINION AND ORDER

The above-styled case came before the Court for consideration of *Defendant Wachovia Mortgage Corporation's and Defendant Wells Fargo Home Mortgage's Motion to Set Aside Entry of Default Judgment* (Document No. 7) and *Plaintiffs' Motion to Remand* (Document No. 11).  On July 12, 2011, the Court scheduled a hearing on Plaintiff's Motion to Remand for Thursday, July 28, 2011, at 11:00 a.m.  At the scheduled time, counsel for Defendants Wachovia Mortgage Corporation, Wells Fargo Home Mortgage, Nationwide Mutual Insurance Company and Sam Stewart Insurance Agency, Inc, appeared in person.  Counsel for Plaintiffs was not present.  As a result, the Court ended the scheduled hearing and now issues its ruling, without argument, on the above-referenced motions as follows.

I.[1]

On November 25, 2008, Plaintiffs, Roy Mosley and Marilyn Mosley's home in Wyoming County, West Virginia was involved in a fire which resulted in damage to the interior of their home. The premise was rendered unliveable by fire, smoke and water damage. At the time of the fire, the home was financed by Wachovia Mortgage Corporation ("Wachovia"). Wells Fargo Mortgage Corporation ("Wells Fargo") later purchased and assumed the liability of the Plaintiffs' mortgage. Plaintiffs previously had insured the home against casualty loss by an insurance policy with Defendant Sam Stewart Insurance Agency ("SSIA") through Defendant Nationwide Mutual Insurance Company ("Nationwide"). Their casualty property loss coverage for the residential structure, exclusive of its contents, was in the sum of $156,000. Upon receipt of notification of the fire damage and other documents, Nationwide issued a check in the sum of $93,035.48, made payable to the Plaintiffs, and Wachovia, as a named payee under the terms and provisions of the Insurance policy and in its capacity as owner of an equitable interest in Plaintiffs' home. Plaintiffs endorsed the check and forwarded it to Wachovia, as instructed by Wachovia and Nationwide by its agent and/or adjuster, to secure the immediate commencement of repair or replacement of their home. Eighteen months passed without those proceeds being used to either repair Plaintiffs' home or to pay the outstanding principal sum due on the Plaintiffs' promissory note. Plaintiffs thereafter initiated this action in the Circuit Court of Wyoming County, West Virginia, on May 21, 2010, against Defendants Wachovia, Wells Fargo, Nationwide and SSIA. Plaintiffs alleged that Defendants acted wrongfully by retaining the insurance proceeds from the casualty loss on their

---

[1] Brief summary of allegations taken from Plaintiffs' Complaint.

property instead of applying the same to the principal owed on their promissory note as they requested. Plaintiffs also alleged that SSIA failed to adequately inform them that a lienholder, as a named payee on the insurance policy, could delay or prevent reconstruction of their home and that they relied upon the representations and expertise of SSIA in endorsing and forwarding the check to Wachovia.

This matter is before the Court as a result of the Defendants' Notice of Removal on October 12, 2010.

## II.

### Plaintiffs' Motion to Remand

As noted above, Defendants unanimously removed this matter on October 12, 2010, pursuant to 28 U.S.C. § 1446(b). Defendants invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332. Defendants assert that the requisite jurisdictional amount has been satisfied in the amount of the check issued for loss coverage and that Wachovia, Wells Fargo, Nationwide and Plaintiffs are diverse parties. Defendants further assert that Plaintiffs' Response to Defendants, Nationwide and Sam Stewart's Request for Admission reveal that Plaintiffs do not have any claim as to SSIA. Defendants argue that SSIA was fraudulently joined. Defendants assert that this Court should disregard the non-diverse citizenship of SSIA and find that diversity jurisdiction exists in this case.[2]

Plaintiffs subsequently moved to remand the case to state court. In their motion, Plaintiffs argue that all they must assert against a diversity jurisdiction defeating party is a "possibility" that they may be entitled to relief against Defendant SSIA. They assert that SSIA,

---

[2] The parties do not dispute that Sam Stewart Insurance Agency, Inc., is incorporated under the laws of West Virginia.

> failed to inform them of the consequences of having a mortgagee as named payee on their policy and improperly advised them to endorse a draft representing their fire loss damages and forward it to mortgagee Wells Fargo.

Pls.' Mem. at 7. Plaintiffs argue that they have colorable claims based upon factual assertions that could result in a favorable finding against SSIA. Plaintiffs do not challenge that the requisite jurisdictional amount in controversy has been met. Therefore, upon consideration of the motion to remand, it is the Defendants' burden to demonstrate that the parties are diverse.

Defendants, in their oppositions, maintain their assertion that SSIA is either a nominal party or fraudulently joined as there is no possibility that Plaintiffs would be able to establish a cause of action against SSIA given Plaintiffs' discovery responses.

The Court finds, largely for the reasons offered by Defendants, that Plaintiffs' allegations against SSIA do not demonstrate the possibility that they would be entitled to relief against SSIA. Plaintiffs have not identified any specific cause of action or statute violated by SSIA. Plaintiffs' own admissions reveal that SSIA made no misrepresentations to them with regard to the proceeds of the loss coverage, that SSIA did not misrepresent pertinent facts or insurance policy provisions relating to their insurance coverage, and that they have no evidence that SSIA committed unfair claim settlement practices with such frequency as to indicate a general business practice. Inasmuch as there is no allegation that SSIA, the agent for Nationwide, was acting outside the scope of its employment, its participation as the agent in this litigation is nominal, at best. Therefore, the Court finds that there is no possibility that Plaintiff has alleged a viable cause of action against SSIA. The Court will, therefore, disregard the citizenship of SSIA and finds that the balance of the parties are diverse. Given that the requisite jurisdictional amount in this matter has been satisfied and that

diverse citizenship exists, the Court finds that it has subject matter jurisdiction in this case and that Plaintiff's motion to remand should be denied.

### III.

### Defendant Wachovia Mortgage Corporation's and Defendant Wells Fargo Home Mortgage's Motion to Set Aside Entry of Default Judgment

Defendants Wachovia and Wells Fargo move pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) to set aside the default judgment entered against them on July 12, 2010, in the Circuit Court of Wyoming County, West Virginia. Defendants contend that Plaintiffs served them with the Complaint through the West Virginia Secretary of State on June 11, 2010. On July 12, 2010, Plaintiffs filed a motion for entry of default judgment which the Circuit Court of Wyoming County granted the same day. Thereafter, a default judgment in the amount of a sum certain of $93,035.48 was entered against Defendants Wachovia, Wells Fargo, and Nationwide.[3] Defendants removed the action to this Court on October 12, 2010.[4]

Defendants contend that their responsive pleading was not due until July 14, 2010, pursuant to West Virginia Rules of Civil Procedure 12(a)(1) (an answer shall be served within 30 days after defendant was served), 6(a) (if a deadline falls on a weekend or a holiday, the deadline is moved to the next business day), 5(b) (service by mail is complete upon mailing, and 6(e) (three days are

---

[3] Plaintiffs previously agreed to set aside the default judgment as to Nationwide and permit the filing of its responsive pleading. (*See* Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Remand (Pls.' Mem.")) (Document No. 12) at 5-6.)

[4] The record at the time of removal reveals that Defendants moved in the Circuit Court of Wyoming County to set aside the default judgment and that a hearing on the motion was noticed. However, before the Circuit Court could consider and rule upon their motion, Defendants removed the case to this Court. Therefore, there has been no ruling on the merits of such a motion.

added to any prescribed period of time for a party to act if service is made by mail). Defendants Wachovia and Wells Fargo argue that on July 12, 2010, they served Plaintiffs' counsel with their Answer by overnight mail, which was received by the Circuit Court of Wyoming County on July 13, 2010. Therefore, Defendants argue that Plaintiffs' motion for entry of default was premature, their responsive pleading was timely, and the order of default judgment is improper. Plaintiffs, to date, have not filed an opposition or other response to the motion.

The Court has carefully considered the rationale proffered by Defendants Wachovia and Wells Fargo and the relevant factors important to any determination to set aside the entry of default and default judgment. The Court finds that there are significant interests at stake, that these Defendants acted responsibly and without undue delay in filing their responsive pleading, that there is no history of dilatory action by these Defendants and that setting the default judgment aside will not prejudice the Plaintiffs. Moreover, the Court is mindful of the preference in law that matters be decided on their merits, rather than on procedural technicalities. Therefore, upon consideration of the motion and for good cause shown, the Court finds that Defendants' motion to set aside the entry of default should be granted.

IV.

In conclusion, as discussed herein, the Court does hereby **ORDER** that *Plaintiffs' Motion to Remand* (Document No. 11) is **DENIED** and *Defendant Wachovia Mortgage Corporation's and Defendant Wells Fargo Home Mortgage's Motion to Set Aside Entry of Default Judgment* (Document No. 7) is **GRANTED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: August 1, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA