IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROY MOSLEY and
MARILYN MOSLEY,

          Plaintiffs,

v.                                    CIVIL ACTION NO. 5:10-cv-01203

WACHOVIA MORTGAGE
CORPORATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendants Wachovia Mortgage Corporation's and Wells Fargo Home Mortgage, Inc.'s Motion to Dismiss Plaintiffs' Complaint* (Document 9). Plaintiff has not filed an opposition to the motion.[1] Upon consideration of the motion and supporting memorandum, the Court denies Defendants' motion.

I.

On or about October 16, 2008, Plaintiffs, Roy Mosley and Marilyn Mosley entered into a promissory note with Defendant Wachovia Mortgage Corporation ("Wachovia") for the sum of $123,000.00 for the purpose of purchasing, constructing and maintaining a personal residence in

---

[1] In view of the legal standard and required analysis of a motion brought pursuant to Rule 12(b)6 of the Rules of Civil Procedure, the Court finds it necessary to review the merits of the motion even in the absence of a response by the Plaintiff.

Wyoming County, West Virginia.[2] Contemporaneously, Plaintiffs executed a Deed of Trust to secure payment to Wachovia under the terms of the promissory note. Thereafter, Plaintiffs insured the home against casualty loss by purchasing an insurance policy from Defendant Sam Stewart Insurance Agency ("SSIA") for coverage by Defendant Nationwide Mutual Insurance Company ("Nationwide"). The casualty property loss coverage for the residential structure, exclusive of its contents, was in the sum of $156,000.00. On November 25, 2008, a fire ignited on Plaintiffs' property which resulted in a casualty loss to their property. Upon receipt of notification of the loss and necessary documents, Nationwide issued a check in the sum of $93,035.48 made payable to the Plaintiffs and Wachovia, "as a named payee under the terms and provisions of the [insurance] policy and in its capacity as owner of an equitable interest [in Plaintiffs' home.]" (Compl., ¶ 21.) Plaintiffs endorsed the check and forwarded it to Wachovia, as instructed by agents for Wachovia and Nationwide, "to secure the immediate commencement of repair or replacement" of their home. (Compl., ¶ 22.)

Plaintiffs allege that they "tried to comply with each and every instruction or requirement of either Defendant in securing a contractor or guaranteeing repair and reconstruction of the premises, but in each and every instance to no avail would the Defendant Wachovia agree to any plan put forth by the Plaintiffs to have their residence repaired or made habitable." (Compl., ¶ 24.) Eighteen months have passed without the insurance proceeds being used to repair Plaintiffs' home. Plaintiffs allege that "in their frustration [they] requested . . . Defendant Wachovia, now in possession of $93,035.48, [to] apply [the insurance] proceeds directly to the outstanding principle

---

[2] Plaintiffs allege in their complaint that Defendant Wells Fargo Mortgage Corporation ("Wells Fargo") later purchased Wachovia and assumed the liability of the Plaintiffs' mortgage. The Court makes no finding herein of that allegation. However, to be consistent with the allegations in Plaintiffs' Complaint, reference to these two entities will be referred to collectively as "Wachovia."

sum due on the promissory note." (Compl., ¶ 25.) However, "despite numerous overtures from Plaintiffs and their counsel" Wachovia has refused. (Compl., ¶ 27.) Plaintiffs allege that

> as a direct and proximate result of the intentional actions of [Defendant, Wachovia] for withholding monies and proceeds from application to the Plaintiffs' promissory note, or in the alternative from applying those proceeds to the restoration of the Plaintiffs' residence they have been caused to suffer extreme emotional and mental anguish, annoyance, inconvenience and anxiety for which they should receive just and meaningful compensatory damages.

(Compl., ¶ 31.)[3] Finally, Plaintiff alleges that the Defendants are jointly and severally liable for "punitive damages each for their intentional acts, negligent acts, omissions or other conduct which has resulted in the damages suffered by the Plaintiffs." (Compl., ¶ 32.)

Plaintiffs seek the following relief: (1) compensatory damages not less than the face value of their casualty loss policy, plus interest, (2) general and compensatory damages for emotional distress and mental anguish, annoyance and inconvenience, loss of use, and loss of enjoyment, (3) exemplary and punitive damages against Wachovia and Nationwide in the sum of $1,000,000, (4) reasonable sums to reimburse them for all living expenses from the investigation of the casualty loss through the present, (5) an order enjoining Defendants from committing further acts of misrepresentation, omission of information or fraud, (6) an order requiring Wachovia to forfeit sums owed by Plaintiffs under their $123,000 loan and an order declaring the mortgage, Deed of Trust or

---

[3] Although it is not the subject of the instant motion, Plaintiffs allege that as a result of the "negligence" of the Defendants, [Nationwide] and [SSIA], they have been "caused to suffer loss of use of, or in the alternative the equivalent value of, their equitable interest in and to their residential real estate" and that these Defendants caused Plaintiffs and their family to "suffer extreme emotional and mental anguish, annoyance, inconvenience and anxiety for which they should receive just and meaningful compensatory damages." (Compl., ¶¶ 28-29.) Plaintiffs further allege that Nationwide and SSIA "have been guilty of first party bad faith practices against the Plaintiffs in failing to coordinate with [Wachovia] a timely schedule for the repair and restoration of the Plaintiffs' residence within the meaning of West Virginia Code Chapter 33, Article 11, §§ 1, 3 and 4." (Compl., ¶ 31.)

other indenture involving the real estate null and void, and (7) other relief as the Court deems appropriate.

Plaintiffs initiated this action in the Circuit Court of Wyoming County, West Virginia, on May 21, 2010, against Defendants Wachovia, Wells Fargo, Nationwide and SSIA. Defendants unanimously removed this matter to this Court on October 12, 2010, pursuant to 28 U.S.C. § 1446(b), invoking this Court's diversity jurisdiction. Plaintiffs' motion to remand was denied on August 1, 2011 (Memorandum Opinion and Order (Document 37)).

II.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the Untied States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint [or counterclaim] must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. — , —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a

party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id*. Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]"– "that the pleader is entitled to relief." *Id*. (quoting Fed.R.Civ.P. 8(a)(2)).

III.

Wachovia moves pursuant to Rule 12(b)(6) for dismissal of Plaintiffs' Complaint for its failure to state a claim. Wachovia asserts that Plaintiffs, in their Complaint, failed to "set forth individual counts" and do not "identify a single cause of action" against them. Defendant contends that it is left "to speculate about the factual and legal basis for Plaintiffs' claims." (Defs.' Mot. at 3.) Wachovia characterizes Plaintiffs' allegations as "bare, conclusory statements regarding negligence" in the application of insurance proceeds, which "fails to present the elements giving rise to any tort-based claim." (*Id*.) Defendant also argues that to the extent Plaintiffs' Complaint can be construed to state a tort-based claim, such as negligence or fraud, it fails because the application of the disputed insurance proceeds is contractual and governed by the Deed of Trust executed by

Plaintiffs. (*Id*. at 7.) Wachovia argues that it does not owe Plaintiffs any common law or fiduciary duties beyond those set forth in the loan agreement and insurance contract. (*Id*.) Finally, Defendant Wachovia contends that if a fraud claim has been alleged, such a claim fails to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure and must be dismissed. (*Id*. at 6, n.1.)

The Court has reviewed Plaintiffs' Complaint and agrees with Defendant Wachovia's assertion that Plaintiff did not identify a specific cause of action against it. Additionally, the Court finds some support in Defendant Wachovia's assertion that Plaintiffs' allegations tend to sound in tort. (*See* Compl., ¶¶ 30, 32 (Plaintiffs allege "as a direct and proximate result of the intentional actions of the Defendant Wachovia . . . for withholding monies and proceeds" and later "Defendants are jointly and severally liable to that Plaintiffs for punitive damages each for their intentional acts, negligent acts, omissions or other conduct[.]"); *see also* Compl., ¶¶ 28, 29 (where Plaintiffs allege that as a "direct and proximate result of the negligence of the Defendants [Nationwide] and [SSIA] that have been caused to suffer."). However, a fair reading of the Complaint and the documents attached to the pleading reveals that Plaintiffs' allegations give rise to a breach of contract claim as against Wachovia.[4]

---

[4] The Court has reviewed the Deed of Trust attached to Defendants' motion to dismiss but finds that its consideration does not warrant treatment of the instant motion as one made for summary judgment, as contemplated by Rule 12(d) of the Federal Rules of Civil Procedure. "Although as a general rule extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999)) (other citations omitted). The Deed of Trust reviewed in this instance was attached to Plaintiffs' Complaint and referred to therein. The document is integral to and explicitly relied on in the Complaint. Moreover, Plaintiff has not filed any opposition or other response to the instant motion to dismiss.

The Court concludes that Plaintiffs have alleged sufficient facts in support of all of the elements of a breach of contract claim. "In order to establish a claim for breach of contract under West Virginia law, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result." *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc*., Civil Action No.2:09-cv-1278, 2011 WL 3022239, at *10 (S.D. W. Va. July 22, 2011) (citing *Exec. Risk, Inc. v. Charleston Area Med. Ctr. Inc.*, 681 F.Supp.2d 694, 714 (S.D. W. Va. 2009)).

Plaintiffs have pled sufficient factual matter to satisfy the pleading requirements for such a claim. First, there seems to be no dispute as to the existence of a valid and binding agreement as between these parties. Plaintiffs allege that they executed a promissory note and Deed of Trust with Wachovia. A provision of the Deed of Trust requires Plaintiffs to maintain hazard insurance. Plaintiffs allege that they obtained and maintained such insurance from SSIA through Nationwide. Provisions of that Deed of Trust contemplate application of insurance proceeds, which includes disbursement for the repair or restoration of property or application of the proceeds to the debt secured by the deed of trust. (*See* Deed of Trust, Uniform Covenants, ¶4.) Wachovia does not dispute these matters. Indeed, it agrees that the application of the insurance proceeds are governed by the parties' loan agreement. Second, Plaintiffs allege that it has performed under the contract in that they "duly and promptly notified Nationwide of their [property] loss and caused to be filed the necessary claim forms and other documents required for their claim to be processed[,]" (Compl., ¶20), endorsed the check of the insurance coverage proceeds and forwarded the same to Defendant

Wachovia. (Compl., ¶¶ 16, 22.) Third, Plaintiffs allege that "some 18 months have passed" and that they have tried to "comply [to no avail] with each and every instruction or requirement of either Defendant in securing a contractor . . . [to] repair and reconstruct[] . . . the premises." (Compl., ¶¶ 24-25.) Plaintiffs further allege that they have requested that the insurance proceeds be applied to the reduction of the principal debt to Wachovia, but that Wachovia has refused the request. Fourth, Plaintiffs allege that they have been denied use of the funds or their enjoyment of their home and that Defendant Wachovia's actions in "withholding monies and proceeds" have caused them to "suffer extreme emotional and mental anguish, annoyance, inconvenience and anxiety." (Compl., ¶ 30.) In light of the legal standard and analysis required on a motion to dismiss, the Court finds that these allegations, taken as true, are sufficient to survive dismissal. However, for the reasons stated by Wachovia, to the extent that Plaintiffs allege negligent conduct or any tort claim against Wachovia, the Court dismisses any such claim, together with any tort-related damages.

IV.

The Court has considered Wachovia's motion, the memorandum in support thereof and the entire record herein, and for the reasons stated above, finds that while Plaintiffs have failed to allege any tort claim, they have sufficiently alleged a plausible claim of relief for a breach of contract. Therefore, the Court does hereby **ORDER** that *Defendants Wachovia Mortgage Corporation's and Wells Fargo Home Mortgage, Inc.'s Motion to Dismiss Plaintiffs' Complaint* (Document 9) is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:       September 14, 2011

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA