**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROY MOSLEY and
MARILYN MOSLEY,

                Plaintiffs,

v.                                                  CIVIL ACTION NO. 5:10-cv-01203

WACHOVIA MORTGAGE
CORPORATION, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The above-styled case came before the Court for consideration of *Motion for Summary Judgment of Defendant Nationwide Mutual Insurance Company* (Document 25) and *Defendants Wachovia Mortgage Corporation and Wells Fargo Home Mortgage, Inc.'s Motion for Summary Judgment* (Document 30). The Court has also considered *Defendant Nationwide Mutual Insurance Company's Motions in Limine to Exclude Alleged Hearsay Statements of Contractor(s)* (Document 47), *Testimony Regarding Sufficiency of Repair Estimate* (Document 49) and *Evidence Regarding Notice of Non-Renewal* (Document 51). A review of the electronic docket in this matter reveals that Plaintiffs have not filed an opposition, or other response, to any of the aforementioned motions.

Upon consideration of the pending motions and supporting memoranda, and for the reasons that follow, the Court finds that Defendant Nationwide's Motion for Summary Judgment should be granted. As a result, each of this Defendant's motions in limine shall be denied as moot. Further, Defendant Mortgage Companies Motion for Summary Judgment shall be granted.

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 20, 1980, Plaintiff Roy Mosley and his wife, Marilyn Mosley, purchased land located in Wyoming County, West Virginia. During the late eighties and early nineties, Plaintiffs and their relatives built a large one story home with a full basement. On or about October 16, 2000, Plaintiffs executed a promissory note with First Union National Bank of Delaware[1] for the sum of $123,000.00 for the purpose of purchasing, constructing and maintaining a personal residence on the property. Contemporaneously, Plaintiffs executed a Deed of Trust to secure payment to the lender under the terms of the promissory note. This Deed of Trust required Plaintiffs to maintain fire and other hazard insurance, including a standard mortgage clause. The parties agreed in the Deed of Trust that in the event of partial or complete destruction or damage, insurance proceeds shall be placed in a non-interest bearing escrow account with the Lender; that unless "otherwise agreed in writing, insurance proceeds shall be applied to restoration or repair of the property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened." (Def. Nationwide's Ex. A, Deed of Trust (Document 25-1) at 20.) The Deed of Trust also contained a provision which permitted the Lender to apply the insurance proceeds to the debt secured, in certain circumstances. For example, if restoration or repair was not economically feasible and the Lender's security interest would be lessened, if the borrower abandoned the property or failed to endorse or execute documents within thirty days of receiving notice from the Lender to do so, this

---

[1] Defendant Wachovia Mortgage Corporation is the beneficiary of the October 16, 2000 Deed of Trust. And note. In their Complaint, Plaintiffs allege that Wells Fargo Home Mortgage, Inc. is the purchaser and new owner of Wachovia Mortgage Corporation. For the purposes of this motion, the Court need make no finding with respect to this allegation. Defendants, in their motion for summary judgment, identify themselves as Defendant Wachovia Mortgage Corporation (an Active Division of Wells Fargo Bank NA) and Wells Fargo Home Mortgage, a division of Wells Fargo Bank, NA. For ease of reference, the Court will refer to these Defendants in the singular as "Wachovia."

2

provision would be applicable. (Def. Nationwide's Ex. A, Deed of Trust (Document 25-1) at 20.)

At some point thereafter, Plaintiffs insured the home against casualty loss by purchasing an insurance policy from Defendant Sam Stewart Insurance Agency ("SSIA") for coverage by Defendant Nationwide Mutual Insurance Company ("Nationwide"). The casualty property loss coverage for the residential structure, exclusive of its contents, was in the sum of $156,000.00. On November 25, 2008, a fire ignited, which resulted in destruction of the interior of Plaintiffs' home. Plaintiffs notified Defendant SSIA about the loss and a Nationwide Adjuster was sent to their property the following day to conduct its investigation. In the weeks that followed the fire, Nationwide disbursed various sums to Plaintiffs to assist them in securing alternate housing and personal property. As a result of the disbursements, Plaintiffs purchased a trailer home and placed it on their property near their damaged home. At the time of the filing of this lawsuit, Plaintiffs were still living in the trailer. On December 11, 2008, Nationwide issued a check in the sum of $93,035.48 for dwelling coverage, made payable to the Plaintiffs and Wachovia, "as a named payee under the terms and provisions of the [insurance] policy and in its capacity as owner of an equitable interest [in Plaintiffs' home.]" (Compl., ¶ 21.) Upon learning that Wachovia was listed as a payee on the check, Plaintiffs contacted Wachovia. Plaintiffs were advised by Wachovia to endorse the check and forward it to Wachovia. (Def. Wachovia's Ex. B, February 24, 2011 Deposition Testimony of Mrs. Marilyn Mosley ("Mrs. Mosley's Dep.") (Document 30-2) at 65.)

At some point after Wachovia received the insurance proceeds, Plaintiffs and Wachovia became involved in a dispute over the disbursement of the monies and who would rebuild the home. Plaintiffs contend that they tried to secure contractors, but could not do so for a variety of reasons.

They indicate the reasons included the fact that they could not get a contractor to their home, the contractor would not remove debris from the property, and Plaintiffs suffered an illness. Plaintiffs desired to rebuild their home themselves, but were initially told by Wachovia that they could not do so. Plaintiffs also requested that Wachovia apply the insurance proceeds to the principal portion of their debt. Wachovia did not immediately do so. Eighteen months passed without the insurance proceeds being used to repair Plaintiffs' home or applied to their debt. During this time, Wachovia asked Plaintiffs to execute a Repair Affidavit so that some of the insurance proceeds could be disbursed and Plaintiffs could begin rebuilding their home. Plaintiffs refused to execute the document.

Plaintiffs initiated this action in the Circuit Court of Wyoming County, West Virginia, on May 21, 2010, against Defendants Wachovia, Wells Fargo, Nationwide and SSIA. Plaintiffs alleged that Defendants acted wrongfully by retaining the insurance proceeds from the casualty loss on their property instead of applying the same to the principal owed on their promissory note as they requested. Plaintiffs also alleged that SSIA failed to adequately inform them that a lienholder, as a named payee on the insurance policy, could delay or prevent reconstruction of their home, and that they relied upon the representations and expertise of SSIA in endorsing and forwarding the check to Wachovia. This matter was removed to this Court on October 12, 2010.[2]

Since then, Defendants Nationwide and Wachovia have filed motions for summary judgment, which the Court will review in turn.

---

[2] On August 8, 2011, the Court denied Plaintiff's motion for remand finding that Plaintiff failed to allege a viable cause of action against SSIA, the party that could defeat diversity, and noted that SSIA's participation as the agent in the litigation was nominal at best. (*See* Memorandum Opinion and Order (Document 37). In the same Order, the Court also granted Defendant Wachovia's motion to set aside entry of default.

4

## II. STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U .S. 242, 247 (1986). Rule 56 of the Federal Rules of Civil Procedure requires that,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). A "material fact" is a fact that might affect the outcome of a party's case. *See Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *Id.*

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex*, 477 U.S. at 322-23. If the nonmoving party fails to make a showing sufficient to establish the existence of an essential element, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. Moreover, in considering the a motion for summary judgment, "the district court 'must review the motion even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" *Robinson v. Wix Filtration Corp*, LLC, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993.)

### III. DISCUSSION

*A. Nationwide's Motion for Summary Judgment*

Defendant Nationwide asserts that "the crux of this litigation" concerns the insurance proceeds which were issued in the amount of $93,035.48 after Plaintiffs' house was destroyed by a fire. There is no dispute that Nationwide issued this sum of insurance proceeds in a draft instrument, made payable jointly to Plaintiffs and Defendant Wachovia, its mortgagee. Plaintiffs, in their Complaint, take exception with the inclusion of Defendant Wachovia on the check as a

named payee and that they were advised by Defendants to endorse the check and send it to the Defendant Wachovia. Plaintiffs also allege that they were not informed by Nationwide that a lienholder could delay or prevent the reconstruction of their home. Nationwide observes that Plaintiffs "couch their Complaint in terms of 'negligence' and 'misrepresentation'" and moves for summary judgment to the extent that Plaintiffs, in their Complaint, have alleged that it was negligent in issuing the insurance proceeds or committed Unfair Claim Settlement Practices. Nationwide asserts that it acted in accordance with the insurance policy and the law when it issued the insurance proceeds. Additionally, Nationwide notes that Plaintiffs did not assert a claim for breach of contract against because it did not breach the insurance policy, but has attempted to assert that it was negligent in fulfilling is contractual obligations.  In sum, Nationwide argues that summary judgment in its favor is warranted because no viable cause of action exists against it for doing what it was contractually bound to do.

As an initial matter, there seems to be some confusion with respect to the nature of Plaintiffs' claims against Nationwide–whether Plaintiffs allege a claim for negligence or breach of contract. This Court is persuaded that, in this instance, it does not matter which theory of liability is asserted. Contrary to Plaintiffs' allegation that Nationwide "failed of its essential purpose" when it "was not on their side" and "caused to be issued a draft . . . naming the Plaintiffs [and] . . . Defendant Wachovia" as a payee (Compl.¶15), this Court finds that the insurance policy in effect on the date of the fire required such action. There is no dispute that: Plaintiffs had a homeowner's policy with Nationwide (Homeowner Policy Number 92 47 HP 447150) which covered property damage in the event of a fire; that at the time of the fire, this policy was in effect; that at the time of the fire, Wachovia maintained a security interest in Plaintiffs' home in an amount in excess of $93,035.48;

that this policy listed Defendant Wachovia as the First Mortgagee, or that the policy included the following provision: Section 1, Property Conditions, provision 10 of the parties' insurance policy provides:

> Mortgage Clause. The word "mortgagee" includes trustee. If a mortgagee is named in this policy, a loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear.

(Def. Nationwide Ex. C (Document 25-3) at 21.) Moreover, the Insurance Policy contemplated that the Mortgagee could recover under the policy, in certain situations, even if the homeowner could not. Such provisions are consistent with a "standard mortgage clause." In West Virginia, such a clause creates "two separate and distinct contracts of insurance . . . one with the owner of the property and one with the mortgagee." *Jones v. Wesbanco Bank of Parkersburg*, 460 S.E.2d 627, 633 (W. Va. 1995) (citing *Firstbank Shinnston v. West Virginia Ins. Co.*, 408 S.E.2d 777, 782 (W. Va. 1991)). Plaintiffs' policy also provided that loss payments would be paid to the insured "unless some other person is named in the policy to receive payment." (Def. Nationwide Ex. C (Document 25-3) at 20.). Moreover, Plaintiffs admit that their Deed of Trust requires that "all instruments evidencing insurance proceeds received by Lender as a result of said damage or destruction, shall be placed in [a] non-interest bearing escrow account with Lender." (Def. Wachovia's Ex. A (Document 30-1) at ¶6.) Nationwide argues that the insurance proceeds were appropriately issued jointly to the Plaintiffs and their mortgagee, in accordance with the parties contract, the insurance policy, and the law. In light of the foregoing, this Court agrees. There are no genuine disputes as to any material fact that Nationwide appropriately issued a check payable jointly to Plaintiffs and Wachovia. Therefore, any claim that Nationwide acted in a manner which was negligent or in

8

breach of its contract when it did so is not meritorious. The Court finds that Nationwide is entitled to summary judgment as to any such claims.

Defendant Nationwide moves for summary judgment to the extent that Plaintiffs assert a cause of action that it committed Unfair Claim Settlement Practices violations. Nationwide argues that they have made no misrepresentations to Plaintiffs and that by Plaintiffs' own admissions there is no evidence of any misrepresentation. Nationwide cites Plaintiffs' written responses to its request for admissions to support their argument. Specifically, when asked to admit that they have no evidence that Nationwide or SSIA committed unfair claims settlement practices with such frequency as to indicate a general business practice, Plaintiff answered in the affirmative. (Def. Nationwide's Ex. D. (Document 25-4), ¶¶65, 67). Plaintiffs also admitted that Nationwide and SSIA "did not misrepresent pertinent facts or insurance policy provisions relating to [their] coverage" (*Id.* at 53, 66). In light of these admissions, and the fact that Plaintiffs wholly failed to respond or present any evidence of unfair claim settlement practices or address Nationwide's assertions of fact, the Court finds that there are no genuine disputes as to any material fact and that Nationwide is entitled to judgment as a matter of law.

### B. *Wachovia's Motion for Summary Judgment*

Defendant Wachovia first contends that Plaintiffs, in their Complaint, failed to "set forth separate counts" and that "it is entirely unclear from the pleading what theories of liability Plaintiffs rely upon in seeking to recover for alleged damages, and what theories are directed against each defendant." (Defendants Wachovia Mortgage Corporation and Wells Fargo Home Mortgage, Inc.,'s Memorandum of Law in Support of Motion for Summary Judgment (Document 31) at 2.) To that end, Wachovia argues that Plaintiffs' Complaint must be dismissed because it contains "bare,

conclusory statements regarding negligence in conjunction with the application of insurance proceeds and fails to present the elements giving rise to any tort-based claims." (*Id*. at 9.) Defendant argues that to the extent that Plaintiffs are asserting tort claims, those claims fail "because the application of insurance proceeds is governed explicitly and wholly by the parties' Loan agreement." (*Id*.) The Court finds that it has previously addressed this argument proffered by Defendant Wachovia in its consideration of Defendant Wachovia's Motion to Dismiss (Document 9).

In the Court's September 14, 2011 Memorandum Opinion and Order, the Court agreed with Wachovia that Plaintiffs' Complaint was not artfully pled and that there was some support in Defendant Wachovia's assertion that Plaintiffs' allegations tended to sound in tort. The Court found that to the extent that Plaintiffs alleged negligent conduct or any tort claim against Wachovia, the Court dismissed any such claim, together with any tort-related damages, for the reasons stated by Wachovia in its motion to dismiss. (*See* Memorandum Opinion and Order (Document 43) at 8). However, the Court declined to dismiss Plaintiffs' Complaint entirely because a fair reading of the Complaint and the documents attached thereto revealed that Plaintiffs asserted a breach of contract claim against Wachovia and that Plaintiffs pled sufficient factual matter to satisfy the pleading requirements for such a claim. Given this Court's previous ruling, the Court need not make any additional findings with respect to Wachovia's assertion that Plaintiffs' Complaint be dismissed.

Second, Defendant Wachovia argues that Plaintiffs seem to allege that it wrongfully withheld or misapplied the $93,035.48 insurance proceeds. Wachovia moves for summary judgment on the basis that the application of the insurance proceeds was governed by the parties' contractual obligations in the Deed of Trust and the relevant insurance policy. Wachovia argues that Plaintiffs

have admitted, in responses to requests for admissions, that the Deed of Trust required: (1) Plaintiffs to maintain hazard insurance which includes a standard mortgage clause, (2) Wachovia to place in a non-interest bearing escrow account any and all instruments evidencing insurance proceeds received by Wachovia, (3) at Wachovia's discretion, that Wachovia may release some or all proceeds from the escrow account after Plaintiffs presented Wachovia with receipts, invoices, written estimates or other documents acceptable to Wachovia relating to the repair and/or improvement of the properly as a result of the damage and or destruction, and (4) Plaintiffs to "cooperate with [Wachovia] by endorsing all checks, drafts and/or instruments evidencing insurance proceeds; and any necessary documents." (Def. Wachovia's Ex. A (Document 30-1) at ¶¶ 5-8.). Wachovia contends that Plaintiffs repeatedly refused Defendants' requests to sign the necessary paperwork, including the Repair Affidavit, for the disbursement of insurance proceeds. As a result, Wachovia contends that it was contractually entitled to use the insurance proceeds to pay the balance of Plaintiffs' loan. Wachovia asserts that Plaintiffs have presented no evidence that it breached any of its contractual obligations or pointed to any specific contractual provisions that were allegedly breached.

"In order to establish a claim for breach of contract under West Virginia law, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the existence of a valid, enforceable contract; (2) that the plaintiff has performed under the contract; (3) that the defendant has breached or violated its duties or obligations under the contract; and (4) that the plaintiff has been injured as a result." *Kanawha-Gauley Coal & Coke Co. v. Pittston Minerals Group, Inc.*, Civil Action No.2:09-cv-1278, 2011 WL 3022239, at *10 (S.D. W. Va. July 22, 2011) (citing *Exec. Risk, Inc. v. Charleston Area Med. Ctr. Inc.*, 681 F.Supp.2d 694, 714 (S.D. W. Va. 2009)). Plaintiffs, in

their Complaint, allege that they tried to comply with each and every instruction or requirement of either Defendant in securing a contractor or guaranteeing repair and reconstruction of the premises," but that Wachovia would not agree to "any plan put forth by the Plaintiffs to have their residence repaired or made habitable" (Complaint, ¶ 24). Plaintiffs also allege that they asked Wachovia on several occasions to endorse the insurance proceeds and to apply the same against the principal of their loan, but Wachovia refused. (*Id.* ¶27.) However, these allegations cannot carry the day because Plaintiffs have failed to offer any evidence in support thereof or to address Wachovia's assertions of fact, including that it refused to sign the necessary paperwork to allow for the disbursement of proceeds. Therefore, the Court will consider Wachovia's factual assertions as undisputed for the purposes of this motion. Moreover, just as Wachovia contends, Plaintiffs have not offered any evidence that it breached its contractual obligations under the Deed of Trust.

As the Court stated above, Plaintiffs have not filed any opposition or other response to Wachovia's motion for summary judgment. At this stage in this litigation, when confronted with a motion that no genuine disputes of material facts exist, a non-moving party must go beyond their pleadings to demonstrate the existence of a genuine dispute of material fact. Fed.R.Civ.P. 56(c)(1). The non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Whereas here, if a non-moving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element, summary judgment is appropriate. *Celotex*, 477 U.S. at 322-23. Here, the parties have had an opportunity to engage in discovery and Plaintiffs have been afforded an opportunity to properly support or address Wachovia's assertions of fact. Yet, Plaintiffs have not demonstrated that a genuine dispute of

12

material facts exists that they did perform as required under the contract and that Defendant breached or violated its duties or obligations under the contract. Plaintiffs' failure to make a showing sufficient to establish the existence of an essential element of their claim is fatal. The Court finds that "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23. Therefore, the Court finds that no genuine disputes of material facts exist as to this claim and that Defendant is entitled to summary judgment as a matter of law.[3] The Court will, therefore, grant Wachovia's motion for summary judgment.[4]

### C. Nationwide's Motions in Limine

As a result of the Court's ruling above granting Defendant Nationwide's motion for summary judgment, the Court finds that Nationwide's motions in limine, which sought to exclude Plaintiffs' ability to present certain evidence, should be denied as moot.

### IV. CONCLUSION

Upon consideration of the foregoing, the Court does hereby **ORDER** that the *Motion for Summary Judgment of Defendant Nationwide Mutual Insurance Company* (Document 25) be **GRANTED**. The Court further **ORDERS** that *Defendants Wachovia Mortgage Corporation and Wells Fargo Home Mortgage, Inc.'s Motion for Summary Judgment* (Document 30) be **GRANTED**.

---

[3] The Court has reviewed the docket in this case and finds that Plaintiffs have not filed any responsive documents to any motion filed by the Defendants in this case. Obviously, the Court is not privy to the rationale behind failing to fully prosecute this matter, but the Court finds that Plaintiffs' failure to meet Defendants allegations that no genuine disputes of material fact exist hampered Plaintiffs' success in these motions.

[4] In light of this finding, the Court need not consider the balance of Wachovia's motion challenging Plaintiffs' assertion of damages.

Finally, in light of the instant rulings, the Court **ORDERS** that *Defendant Nationwide Mutual Insurance Company's Motions in Limine to Exclude Alleged Hearsay Statements of Contractor(s)* (Document 47), *Testimony Regarding Sufficiency of Repair Estimate* (Document 49) and *Evidence Regarding Notice of Non-Renewal* (Document 51) all be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 11, 2012

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA